## Case No. 14,528.

### UNITED STATES v. BARROWCLIFF.

[3 Ben. 519.] [1]

District Court, N. D. New York.  Nov., 1869.

INTERNAL REVENUE — TOBACCO MANUFACTURER'S BOND—SURETY—LACHES.

1. It is no defence to an action by the government, upon a bond given by a tobacco manufacturer, to recover an amount of duties, that the government seized the manufacturer's goods as forfeited, instead of distraining upon them for the tax.

2. Laches is not to be imputed to the government in such a case.

[This was an action by the United States against H. M. Barrowcliff. On motion for a new trial.]

BENEDICT, District Judge. This was an action upon a tobacco manufacturer's bond, in which a verdict was rendered in favor of the government for the amount of tax unpaid.

A motion for a new trial is now made, upon the ground that the court erred in refusing to permit the defendants to show that, on the 23d day of May, the collector seized as forfeited and took from the possession of the defendant, Barrowcliff, the manufacturer, some $20,000 worth of manufactured and raw tobacco.

The proposition, upon which the objection to the exclusion of the evidence in regard to the tobacco which was forfeited is based, appears to be this, that the collector had power under section 83 and section 84 of the revenue act (13 Stat. 259), to distrain upon this tobacco which was forfeited, and so collect the tax, but did not do so, and that there was therefore laches, which discharged the surety upon the bond in suit.

The proposition is unsound. Laches is not to be imputed to the government in such a case; and, assuming that there was neglect on the part of the collector in omitting to distrain, it would have no effect to work a discharge of the surety.

But I do not conceive that there was any neglect. Under the facts, both courses lay open to the government—to collect the tax by suing the bond, and by seizing the tobacco to punish the frauds with which the manufacturer was charged in the information.

It was entirely competent, therefore, if indeed, it was not required by duty, for the officers of the government to adopt both proceedings, as otherwise no punishment for the fraud could be inflicted.

I certainly know of no principle upon which the government could be held bound to waive its rights of forfeiture which had attached by reason of the frauds, in order to save sureties from a liability upon their bond which they knowingly assumed. The motion must be denied.